■ In the Matter of DOUGLAS QQ., a Child Alleged to be Abused and Neglected. GREENE COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; DOUGLAS PP., Appellant. (And Another Related Proceeding.) [709 NYS2d 710] —Mugglin, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered August 26, 1998, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

In February 1997, petitioner filed two petitions against respondent accusing him of abuse and neglect of his two children, Douglas QQ., born in 1982, and Adam PP., born in 1989. Respondent's first involvement with Family Court occurred in 1991 when it was alleged that he neglected these children for failing to follow up on medical appointments. In 1992, respondent was further charged with educational neglect, inadequate guardianship, excessive corporal punishment and substance abuse, all of which resulted in findings of neglect. In connection with these proceedings, respondent was ordered to submit to alcohol and drug evaluations and counseling for alcohol and substance abuse. The respondent ignored the orders of Family Court, failing to complete the required counseling. In October 1995, the children were returned to the mother as their sole custodian.

The petitions at issue were filed in February 1997 and allege a long history of neglect and abuse on respondent's part, along with further instances of excessive corporal punishment with respect to Douglas in 1996. The filing of these petitions was precipitated by two events. First, the children's mother was killed as a result of an automobile accident while riding in a vehicle operated by respondent. As a result of this incident, respondent was found guilty of an alcohol-related offense and found to be in violation of a Family Court order which prohibited him from imbibing alcoholic beverages. Second, in February 1997, petitioner received a report from the State Central Registry alleging that respondent was continuing to abuse alcohol and that he had physically abused Douglas on several occasions. This appeal stems from Family Court's determination that respondent abused and neglected Douglas and derivatively neglected Adam, and which continued custodial placement of Adam with his paternal uncle and his wife. On appeal, respondent challenges these determinations asserting that the evidence presented at the fact-finding hearing was insufficient to support these findings.

We affirm. Initially, it is observed that Family Court's findings of abuse and neglect must be upheld if supported by a preponderance of the evidence (*see, Matter of Philip M.,* 82

NY2d 238, 243; *Matter of Ashley M.*, 235 AD2d 858). Although respondent denied kicking Douglas in 1996, he did admit that he may have hit him in the face a "little bit". Clearly, Family Court credited the hearing evidence which supported the claim that respondent engaged in excessive corporal punishment with respect to Douglas and such determinations should not be disturbed unless they are clearly unsupported by the record (*see, Matter of Kathleen OO.*, 232 AD2d 784, 785).

Further, despite respondent's testimony to the contrary, the evidence clearly supports the conclusion that he continues to violate court orders restricting his use of drugs and alcohol. Although he claims to have completed alcohol counseling, it appears that his consumption of alcohol contributed to the death of the children's mother. While respondent began an alcohol recovery program after this proceeding was instituted, he refused to obey that portion of the April 19, 1997 Family Court order that required him to undergo drug and alcohol testing and evaluations. When he did submit to testing after being found in violation of this court order, he failed the drug tests administered. Thus, we find no reason to disturb Family Court's determination that respondent continues to abuse drugs and alcohol and has failed to make any attempt to correct these fundamental flaws in his understanding of his responsibilities as a parent (*see, Matter of Catherine P.*, 269 AD2d 702, 703, *lv denied* 95 NY2d 751). Finding no reason to disturb Family Court's assessment as to credibility of the hearing testimony and the weight to be given to that evidence, its findings of abuse and derivative neglect must be sustained.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.