■ In the Matter of Casey N., a Child Alleged to be Neglected. Orange County Department of Social Services, Respondent; Lisa S., Appellant. (Proceeding No. 1.) In the Matter of Keryn D., a Child Alleged to be Neglected. Orange County Department of Social Services, Respondent; Lisa S., Appellant. (Proceeding No. 2.) In the Matter of Tyler S., a Child Alleged to be Neglected. Orange County Department of Social Services, Respondent; Lisa S., Appellant. (Proceeding No. 3.) [844 NYS2d 92]—

In three related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of an order of fact-finding and disposition of the Family Court, Orange County (Currier-Woods, J.), dated February 9, 2006, which, after a hearing and upon finding that she violated the terms of an adjournment in contemplation of dismissal, inter alia, found that she neglected the subject children.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings, including a further fact-finding hearing and a determination on the issue of whether the instances of domestic violence committed in the presence of the children constituted neglect.

The Orange County Department of Social Services (hereinafter DSS) initiated these proceedings averring that the mother neglected the subject children. The mother was granted an adjournment in contemplation of dismissal (hereinafter the ACD), upon her admission that there were "incidents of domestic violence" in her home in the presence of the children. Subsequently, DSS brought a petition to restore the matter to the calendar on the ground that the mother violated the terms of the ACD. After a hearing, the Family Court determined that the terms of the ACD were violated and, based upon the mother's prior admission, made a finding of neglect.

To sustain a finding of neglect, there must be a showing that "the children were actually or imminently harmed by reason of [the parent's] failure to exercise even minimal care in providing them with proper oversight" (*Nicholson v Scoppetta*, 3 NY3d 357, 372 [2004]). While domestic violence may be a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), "[n]ot every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375).

Here, the mother's admission that there were incidents of domestic violence in the presence of the children, did not, by itself, provide a sufficient basis for the Family Court's finding of neglect. There was no evidence as to the nature or extent of the domestic violence, nor was there any evidence of actual or imminent impairment to the children's emotional or mental condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d at 375; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *cf. Matter of Angelique L.*, 42 AD3d 569 [2007]).

Accordingly, we remit the matter to the Family Court, Orange County, for further proceedings, including a further fact-finding hearing and a determination of whether the instances of domestic violence committed in the presence of the children constituted neglect. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.