# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**267**

**CAF 09-02488**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ALEXANDER M.
------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                          MEMORANDUM AND ORDER

CINDY M., RESPONDENT,
AND MICHAEL M., RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

DENISE J. MORGAN, UTICA, FOR PETITIONER-RESPONDENT.

A.J. BOSMAN, ATTORNEY FOR THE CHILD, ROME, FOR ALEXANDER M.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered November 23, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent father had neglected the subject child and ordered that the subject child remain in the care and custody of petitioner.

It is hereby ORDERED that said appeal insofar as it concerned disposition is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Respondent father appeals from an order adjudicating the child at issue in this appeal to be a neglected child. We agree with the father that Family Court erred in finding that the child was neglected based on his purported threats to remove the child from the hospital, which he made during a telephone call to hospital staff. The evidence of those purported threats did not establish that the child's "physical, mental or emotional condition . . . [was] in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]; *see Nicholson v Scoppetta*, 3 NY3d 357, 369; *see also Matter of Anna F.*, 56 AD3d 1197, 1198; *Matter of Casey N.*, 44 AD3d 861, 862). We conclude, however, that the court properly found that the father neglected the child based on his continued failure to address his illegal drug use. The prior orders in this proceeding detail the father's long-standing inability or refusal to deal with his drug usage (*see Matter of Carlena B.*, 61 AD3d 752, *lv denied* 13 NY3d 703; *Matter of Douglas QQ.*, 273 AD2d 711, 713; *see generally Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 78-80). The court stated that it would take judicial notice of those prior orders, and the father did not object (*see Matter of Kayla J.*, 74 AD3d 1665, 1667-1668; *Matter of Andrew U.*, 22 AD3d 926, 926-927; *Matter of*

*Catherine KK.*, 280 AD2d 732, 734).  Finally, the father's appeal from the order insofar as it concerned disposition is moot, inasmuch as superseding permanency orders have since been entered (*see Matter of Dustin B.*, 71 AD3d 1426; *see also Matter of Giovanni K.*, 62 AD3d 1242, *lv denied* 12 NY3d 715).

Entered:  April 1, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court