In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Negron, Ct. Atty. Ref.), dated April 17, 2012, as, after a hearing, in effect, granted the father’s petition to modify the custody provisions of the parties’ judgment of divorce so as to award him sole legal and residential custody of the subject child.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
“Since any custody determination depends to a very great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence” (Trinagel v Boyar, 70 AD3d 816, 816 [2010]; see Matter of Diaz v Diaz, 97 AD3d 747 [2012]; Matter of Nava v Kinsler, 85 AD3d 1186 [2011]; Matter of Russell v Russell, 72 AD3d 973, 974 [2010]).
To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Family Ct Act § 652 [a]; Matter of Morillo v Nunez, 91 AD3d 875 [2012]; White v Mazzella-White, 84 AD3d 1068 [2011]; Matter of Chabotte v Faella, 77 AD3d 749 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Griffin v Nikiea Moore-James, 104 AD3d 685 [2013]; Matter of Sidorowicz v Sidorowicz, 101 AD3d 737 [2012]).
*1005 Here, the Family Court properly found that there was a change in circumstances sufficient to grant the father’s petition to modify the custody provisions of the parties’ judgment of divorce so as to award him sole legal and residential custody of the parties’ child. Contrary to the mother’s contention, the court gave proper consideration to her allegations of domestic violence and its effects upon the child (see Domestic Relations Law § 240 [1]; Matter of Frey v Ketcham, 57 AD3d 543 [2008]; Matter of Rodriguez v Guerra, 28 AD3d 775 [2006]; Matter of Moreno v Cruz, 24 AD3d 780, 781 [2005]). Additionally, the court properly considered the underlying allegations in a neglect proceeding filed against the mother. Although the neglect petition was adjourned in contemplation of dismissal, such action was not a determination on the merits and leaves the question of neglect unanswered (see Matter of Marie B., 62 NY2d 352, 359 [1984]; Matter of Loren B. v Heather A., 13 AD3d 998 [2004]; Matter of Carey K., 265 AD2d 617, 618 [1999]). Moreover, the court correctly found that although the mother was not unfit to have custody of the child due to her mental illness, the father has been the more consistently fit parent (see Matter of Yearwood v Yearwood, 90 AD3d 771, 774 [2011]).
Additionally, the Family Court was not required to accept the recommendations of the court-appointed forensic psychologist, as such recommendations are merely additional factors to be considered (see Bourne v Bristow, 66 AD3d 621 [2009]; Bruno v Bruno, 47 AD3d 606 [2008]; Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007]). The court fully explained its reasons for rejecting the recommendations of the court-appointed psychologist, recommendations with which the attorney for the child did not agree (see Matter of Kelly v Hickman, 44 AD3d 941 [2007]; Berstell v Krasa-Berstell, 272 AD2d 566 [2000]). The Family Court’s rationale is amply supported by the record. Rivera, J.P., Roman, Miller and Hinds-Radix, JJ., concur.