██ In the Matter of Alicia P. Administration for Children's Services, Respondent; Gregory P., Also Known as John-Gregory P., Appellant, et al., Respondent. [999 NYS2d 190]—

Appeal from an order of the Family Court, Queens County (Margaret P. McGowan, J.), dated July 29, 2013. The order, insofar as appealed from, granted the petitioner's motion for summary judgment on the issue of whether the father derivatively neglected the child Alicia P.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists (see Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679 [2014]; Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969 [2014]; Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077 [2011]; Matter of Cruz, 121 AD2d 901, 902-903 [1986]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Cruz, 121 AD2d at 903; see Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077; Matter of Amber C., 38 AD3d 538, 540 [2007]). "[I]n an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner's prima facie showing of neglect as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion" (Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056 [2012]; see Matter of Harmony M.E. [Andre C.], 121 AD3d at 680).

Here, the petitioner established, prima facie, that the subject child, Alicia P., was derivatively neglected by the father. The petitioner demonstrated, inter alia, that the father failed to

complete drug treatment and domestic violence counseling programs, as required by the orders of disposition issued in connection with the prior neglect findings against him, and that the conduct that formed the basis of the most recent neglect finding was sufficiently proximate in time to this derivative neglect proceeding such that it can reasonably be concluded that the condition still exists (*see Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]; *Matter of Amber C.*, 38 AD3d at 541). In opposition, the father failed to raise a triable issue of fact (*see Matter of Harmony M.E. [Andre C.]*, 121 AD3d at 680-681). The father failed to present any evidence that he was receiving any services such that his conduct could not reasonably be expected to exist currently or in the foreseeable future (*see Matter of Isaiah L. [Chris B.]*, 119 AD3d 797, 799 [2014]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d at 805; *Matter of Amber C.*, 38 AD3d at 541).

The father's remaining contentions are without merit (*see Matter of William N. [Kimberly H.]*, 118 AD3d 703, 705 [2014]).

Accordingly, the Family Court properly granted the petitioner's motion for summary judgment on the issue of whether the father derivatively neglected Alicia P. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.