■ In the Matter of JAHMYA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CRYSTAL L.J., Respondent. [28 NYS3d 105]—

Appeal from an order of the Family Court, Kings County (Michael Ambrosio, J.), dated April 13, 2015. The order, after a fact-finding hearing, and upon finding that the mother did not derivatively neglect Jahmya J., dismissed the petition with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

The Administration for Children's Services (hereinafter ACS) commenced two related proceedings pursuant to article 10 of the Family Court Act, alleging that the mother derivatively neglected the subject child, Jahmya J., and neglected her twin sister, Jahdae J. The children were both 15 when the petitions were filed. After a fact-finding hearing, the Family Court found that ACS established by a preponderance of the evidence that the mother neglected Jahdae J. by inflicting excessive corporal punishment on her. With respect to Jahmya J., the court found that the evidence of the mother's use of excessive force to discipline Jahdae J. was insufficient to support a determination that she derivatively neglected Jahmya J., noting that Jahmya J. did not wish to participate in the neglect proceedings and had not been the subject of any physical attacks. ACS appeals from the order dismissing the petition concerning Jahmya J.

"Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected, the statute does not mandate a finding of derivative neglect" (*Matter of David P. [Elisa P.]*, 130 AD3d 739, 740 [2015] [internal quotation marks omitted]; *see Matter of William N. [Kimberly H.]*, 118 AD3d 703, 705-706 [2014]). "[T]he focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm" (*Matter of William N. [Kimberly H.]*, 118 AD3d at 706 [internal quotation marks omitted]; *Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 968-969 [2014]). Under the circumstances of this case, ACS did not establish by a preponderance of the evidence that Jahmya J. was derivatively neglected (*see Matter of David P. [Elisa P.]*, 130 AD3d at 741; *Matter of Sharnetta N.*, 120 AD2d 276, 282 [1986]). Accordingly, the Family Court properly dismissed the petition alleging that the mother derivatively neglected Jahmya J. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.