■ In the Matter of HOPE P. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHANIE B., Appellant. [52 NYS3d 446]—

Appeal by the mother from an order of the Family Court, Suffolk County (Richard Hoffmann, J.), dated April 1, 2016. The order granted the petitioner's motion for summary judgment on the issue of whether the mother derivatively neglected the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In this child protective proceeding pursuant to Family Court Act article 10, commenced on January 19, 2016, the petitioner alleged that the mother derivatively neglected the subject child, Hope P., who was born on January 11, 2016, based upon prior findings that the mother neglected the child's two older siblings and a finding made approximately ten months before the subject child's birth that the mother permanently neglected one of the siblings. The verified petition in this proceeding also alleged that the mother failed to address the mental health condition that renders her incapable of properly caring for her children. In an order dated April 1, 2016, the Family Court granted the petitioner's motion for summary judgment, determining that the mother derivatively neglected the subject child.

The focus of the inquiry to determine whether a parent derivatively abused or neglected a child (*see* Family Ct Act § 1046 [a] [1]) " 'is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm' " (*Matter of Jahmya J. [Crystal L.J.]*, 137 AD3d 1132, 1133 [2016], quoting *Matter of William N. [Kimberly H.]*, 118 AD3d 703, 706 [2014]).

"In determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (*Matter of Alicia P. [Gregory P.]*, 123 AD3d 1135, 1135 [2014]; *see Matter of William N. [Kimberly H.]*, 118 AD3d at 706). " 'In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future' " (*Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d 1243, 1244 [2015], quoting *Matter of Cruz*, 121 AD2d 901, 903 [1986]). " '[I]n an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner's prima facie showing of neglect as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion' " (*Matter of Alicia P. [Gregory P.]*, 123 AD3d at 1135, quoting *Matter of Giovanni S. [Jasmin A.]*, 98 AD3d 1054, 1056 [2012]; *see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]).

Here, the petitioner established, prima facie, that the subject child was derivatively neglected by the mother. The petitioner demonstrated that the mother failed to resolve the issues that resulted in the prior findings of neglect as to the subject child's older siblings (*see Matter of Phoenix J. [Kodee J.]*, 129 AD3d 603, 603 [2015]; *Matter of Tradale CC.*, 52 AD3d 900, 902 [2008]), and that the conduct that formed the basis for the finding of permanent neglect as to one of the siblings was "sufficiently proximate in time to this derivative neglect proceeding such that it can reasonably be concluded that the condition still exists" (*Matter of Alicia P. [Gregory P.]*, 123 AD3d at 1136; *see Matter of Camarrie B. [Maria R.]*, 107 AD3d 409, 409 [2013]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 803-804 [2011]). Moreover, the mother's neglect and permanent neglect of the subject child's siblings evidenced a fundamental defect in the mother's understanding of the duties of parenthood (*see Matter of Brandon T. [Guillaume T.]*, 114 AD3d 950, 950 [2014]; *Matter of T-Shauna K.*, 63 AD3d 420, 420 [2009]; *Matter of Amber C.*, 38 AD3d 538, 540-541 [2007]). In opposition to the petitioner's prima facie showing, the mother's submission of only an attorney's affirmation was insufficient to raise a triable issue of fact (*see Matter of Alicia P. [Gregory P.]*,

123 AD3d at 1136; *Matter of Vivien V. [Carlos F.]*, 119 AD3d 596, 597 [2014]; *Matter of Alyssa WW. [Clifton WW.]*, 106 AD3d 1157, 1158-1159 [2013]).

Accordingly, the Family Court properly granted the petitioner's motion for summary judgment, determining that the mother derivatively neglected the subject child. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.