Appeal by the father from an order of fact-finding of the Family Court, Orange County (Lori Currier Woods, J.), dated July 29, 2016. The order, insofar as appealed from, after a fact-finding hearing, found that the father derivatively neglected the subject child.
 

 Ordered that the order of fact-finding is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied insofar as asserted against the father, and the proceeding is dismissed insofar as asserted against him.
 

 In July 2015, the Orange County Department of Social Sér-vices (hereinafter DSS) filed a neglect petition against the mother and father concerning the mother’s child, who resided with the mother and father but was not his biological child. In September 2015, the Family Court made a finding of neglect, against the mother, and granted an adjournment in contempla1 tion of dismissal (hereinafter ACD) against the father based on his admission that he failed to provide a stable home for the child. The court also required the father to attend court-mandated substance abuse and mental health treatment.
 

 On April 15, 2016, the Family Court granted a pre-petition temporary removal of the mother and father’s biological child, Delilah, who was born in April 2016. The DSS then filed a petition alleging derivative neglect against the parents, based upon the court’s prior finding of neglect against the mother and the ACD against the father, and upon both parents’ noncompliance with conditions set forth by the court in September 2015. In the order appealed from, dated July 29, 2016, after a fact-finding hearing, the court made a finding of derivative neglect against both parents. Its finding against the father was based upon the ACD and his noncompliance with the conditions set forth by the court in September 2015. The father appeals from so much of the order dated July 29, 2016, as entered a finding of derivative neglect against him.
 

 “Where a person’s conduct toward one child demonstrates a fundamental defect in the parent’s understanding of the duties of parenthood, or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in his or her care, an adjudication of derivative neglect with respect to the other children is warranted” (Matter of Iris G. [Angel G.], 144 AD3d 908, 908 [2016] [citations omitted]). “ ‘In determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists’ ” (Matter of Hope P. [Stephanie B.], 149 AD3d 947, 948 [2017], quoting Matter of Alicia P. [Gregory P.], 123 AD3d 1135, 1135 [2014]). However, “[a]n ACD is emphatically not a determination on the merits. It is not akin to a finding of parental neglect, but, rather, it leaves the question unanswered” (Matter of Marie B., 62 NY2d 352, 359 [1984]; see Matter of Selliah v Penamente, 107 AD3d 1004, 1005 [2013]; see also Matter of Casey N., 44 AD3d 861, 862 [2007]).
 

 Here, the Family Court did not enter a finding of neglect against the father in 2015. Instead, it entered an ACD against him based on his admission that he failed to provide a stable home for the child. Moreover, the DSS did not seek to reopen the earlier proceeding to establish the father’s neglect based on his failure to comply with the conditions set forth by the court. Under these circumstances, the court erred in entering a finding of derivative neglect against the father (see Matter of Marie B., 62 NY2d at 359; Matter of Selliah v Penamente, 107 AD3d at 1005; see also Matter of Casey N., 44 AD3d at 862).
 

 Accordingly, the Family Court should have denied the petition and dismissed the proceeding insofar as asserted against the father.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.