Matter of Ty'Nayshia H. (Monique P.) (2018 NY Slip Op 01402)





Matter of Ty'Nayshia H. (Monique P.)


2018 NY Slip Op 01402


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5828

[*1]In re Ty'Nayshia H., A Dependent Child Under the Age of Eighteen Years, etc., Monique P., Respondent-Appellant, Heartshare St. Vincent Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn (Richard J. Cea of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Sara H. Reisberg of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Emily Olshansky, J.), entered on or about October 21, 2016, which granted petitioner agency's motion for summary judgment, terminated respondent mother's parental rights to the subject child on the ground that she suffers from an intellectual disability as defined in section 384-b(6)(b) of the Social Services Law (SSL), and committed custody and guardianship of the child to the agency and the Commissioner of Social Services, unanimously affirmed, without costs.
The agency established that the mother has an intellectual disability as defined in SSL § 384-b(6)(b). The agency submitted the sworn testimony of the court-appointed psychologist at a prior proceeding involving the termination of the mother's parental rights to two of her other children; the clinical report prepared in connection with the psychologist's evaluation of the mother at the prior proceeding; and the court's findings of fact, conclusions of law and order of commitment in the prior proceeding. The evidence was entered without objection, and the order in the prior proceeding was issued just ten days prior to the filing of the instant summary judgment motion. The court-appointed psychologist testified that the mother has a developmental disability marked by deficits in cognitive and adaptive functioning that is not expected to appreciably remit, and that if her children were returned to her care, they would be at risk of becoming neglected children (see SSL § 384-b[6][b], [c]).
In opposition, the mother contends that summary judgment was not appropriate because she was accepted for homemaking services shortly after the court terminated her parental rights to her sons, and thus, a hearing was required to determine her parenting capacity with such assistance. However, the court-appointed psychologist expressly stated that "considering [the mother's] own parental functioning," long-term supportive services would not change her conclusion regarding the mother's intellectual disability and its affect on her ability to care for her children.
Given the evidence showing that the mother's cognitive and adaptive deficits affected her parental functioning in a severe enough manner that any child in her care would be at risk, let alone one with such severe special needs as the subject child, no material issue of fact existed for the court to consider; thus, summary judgment was properly granted (see Matter of Hope P. [*2][Stephanie B.], 149 AD3d 947, 948 [2d Dept 2017]; see also Matter of Phoenix J. [Kodee J.], 129 AD3d 603 [1st Dept 2015]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK