Matter of Annalise L. (Jalise P.) (2019 NY Slip Op 01761)





Matter of Annalise L. (Jalise P.)


2019 NY Slip Op 01761


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-02694
2018-02695
 (Docket No. N-2725-17)

[*1]In the Matter of Annalise L. (Anonymous). Administration for Children's Services, respondent; Jalise P. (Anonymous), appellant.


Law Office of Nicole C. Barnum, P.C., New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo DiSilvio of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated January 3, 2018, and (2) an order of disposition of the same court dated January 23, 2018. The order of fact-finding, upon the granting of the petitioner's motion for summary judgment on the issue of whether the mother derivatively neglected the subject child, found that the mother derivatively neglected the child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child in the custody of the Administration for Children's Services until June 19, 2018.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Administration for Children's Services until June 19, 2018, is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In this child protective proceeding pursuant to Family Court Act article 10, the petitioner alleged that the mother derivatively neglected the subject child, who was born in February 2017, based upon prior findings that the mother neglected the child's four older siblings. The petitioner further alleged that the mother failed to sufficiently engage in services to ameliorate the [*2]risk that the mother's conduct posed to the children; that one of the older siblings was still in foster care due to the mother's failure to complete services; and that the mother's whereabouts between May 2016, and November 21, 2016, were unknown, and the mother did not visit the older sibling in foster care during that time. In an order dated January 2, 2018, the Family Court granted the petitioner's motion for summary judgment on the issue of whether the mother derivatively neglected the child. In an order of fact-finding dated January 3, 2018, the court found that the mother derivatively neglected the child. In an order of disposition dated January 23, 2018, the court, inter alia, placed the child with the Administration for Children's Services until June 19, 2018. The mother appeals.
The focus of the inquiry to determine whether a parent derivatively neglected a child (see Family Ct Act § 1046[a][1]) " is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm'" (Matter of Jahmya J. [Crystal L.J.], 137 AD3d 1132, 1133, quoting Matter of William N. [Kimberly H.], 118 AD3d 703, 706; see Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969).
"Where the nature of the neglect, notably its duration and the circumstances surrounding its commission, evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood . . . the derivative finding may be justified if the prior finding was so proximate in time to the derivative proceeding, that it can reasonably be concluded that the condition still exists" (Matter of Amber C., 38 AD3d 538, 540 [internal quotation marks omitted]; see Matter of Hope P. [Stephanie B.], 149 AD3d 947, 948; Matter of Jamarra S. [Jessica S.], 85 AD3d 803, 804). Thus, "[i]n determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Alicia P. [Gregory P.], 123 AD3d 1135, 1135; see Matter of Aryelle F. [Esperanza F.], 148 AD3d 1014, 1015; Matter of William N. [Kimberly H.], 118 AD3d at 706). " In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future'" (Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1244, quoting Matter of Cruz, 121 AD2d 901, 903; see Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026, 1028; Matter of Alicia P. [Gregory P.], 123 AD3d at 1135).
" [I]n an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner's prima facie showing of neglect as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion'" (Matter of Alicia P. [Gregory P.], 123 AD3d at 1135, quoting Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183; Matter of Hope P. [Stephanie B.], 149 AD3d at 948; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 680).
Here, the petitioner established, prima facie, that the child was derivatively neglected by the mother. The petitioner demonstrated that the mother failed to resolve the issues that resulted in the prior findings of neglect as to the child's older siblings (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603; Matter of Alicia P. [Gregory P.], 123 AD3d at 1135-1136; Matter of Tradale CC., 52 AD3d 900, 902), and that the conduct that formed the basis for the finding of neglect as to one of the siblings was sufficiently proximate in time to this derivative neglect proceeding such that it can reasonably be concluded that the condition still exists (see Matter of Hope P. [Stephanie B.], 149 AD3d at 947-948; Matter of Alicia P. [Gregory P.], 123 AD3d at 1136; Matter of Camarrie B. [Maria R.], 107 AD3d 409, 409; Matter of Jamarra S. [Jessica S.], 85 AD3d at 803-804). Moreover, the mother's neglect of the older siblings, and her failure to engage in and complete services for her mental illness and substance abuse, and failure to obtain suitable housing for herself or the children, evinced a fundamental defect in the mother's understanding of the duties of [*3]parenthood (see Matter of Brandon T. [Guillaume T.], 114 AD3d 950, 950; Matter of T-Shauna K., 63 AD3d 420, 420; Matter of Amber C., 38 AD3d at 540-541). In opposition to the petitioner's prima facie showing, the mother failed to raise a triable issue of fact (see Matter of Hope P. [Stephanie B.], 149 AD3d at 948; Matter of Alicia P. [Gregory P.], 123 AD3d at 1136; Matter of Sumaria D. [Madelyn D.], 121 AD3d 1203, 1206; Matter of Vivien V. [Carlos F.], 119 AD3d 596, 597).
Accordingly, we agree with the Family Court's finding that the mother derivatively neglected the child.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court