Matter of Jaylhon C. (Candace C.) (2019 NY Slip Op 02085)





Matter of Jaylhon C. (Candace C.)


2019 NY Slip Op 02085


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02061
 (Docket Nos. N-20425-16, N-24550-16, N-24551-16, N-24552-16, N-24553-16, N-24554-16, N-24555-16, N-24556-16)

[*1]In the Matter of Jaylhon C. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Latifah C. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Candace A. C. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Ciara C.-J. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant; et al., respondent. (Proceeding No. 4)
In the Matter of Jaheim C.-J. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent. (Proceeding No. 5)
In the Matter of Darius C.-J. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent. (Proceeding No. 6)
In the Matter of Dontreis C.-J. (Anonymous). Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent.
(Proceeding No. 7)
In the Matter of Danazia C.-B. (Anonymous). [*2]Administration for Children's Services, petitioner-respondent; Candace C. (Anonymous), appellant, et al., respondent. (Proceeding No. 8)


Jennifer Arditi, Maspeth, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Nwamaka Ejebe of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Riti P. Singh, and Carol Hochberg of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated January 17, 2018. The order granted the petitioner's motion for summary judgment on the petitions alleging that the mother neglected the subject children Latifah C., Candace A. C., Ciara C.-J., Jaheim C.-J., Darius C.-J., Dontreis C.-J., and Danazia C.-B., and derivatively neglected the subject child Jaylhon C.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), first filed neglect petitions against the mother in 2006, when she had four children, Ciara C.-J., Jaheim C.-J., Darius C.-J., and Dontreis C.-J. ACS subsequently obtained findings of neglect against the mother as to those children and her younger children, Latifah C., Candace A. C., and Danazia C.-B., based on the mother's untreated mental illness and violent aggressive behavior.
In 2016, ACS filed the instant petitions alleging that the mother neglected the children Latifah, Candace, Ciara, Jaheim, Darius, Dontreis, and Danazia, and derivatively neglected her youngest child, Jaylhon C. In October 2017, ACS moved for summary judgment on the petitions, submitting numerous prior orders in support of its contentions that the mother suffers from untreated mental illness and failed to comply with court orders directing her to undergo a full mental health evaluation and to follow the resulting recommendations. The Family Court granted the motion for summary judgment, and the mother appeals.
While there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, summary judgment pursuant to CPLR 3212 may be granted when it has been clearly ascertained that there is no triable issue of fact outstanding (see Family Ct Act § 165[a]; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182).
ACS established, prima facie, that the mother neglected the seven older children and derivatively neglected the youngest child (see Family Ct Act §§ 1012[f][i]; 1046[a][i]). ACS submitted, through the affirmation of counsel, numerous prior orders of the Family Court, finding that the mother neglected the seven older children, directing her to undergo a full mental health evaluation and to comply with the resulting recommendations and treatment, and indicating that she had failed to do so (see Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398; Matter of Hannah UU., 300 AD2d 942). This evidence of neglect indicates a fundamental defect in the mother's understanding of the duties of parenthood, warranting a finding of derivative neglect as to the youngest child (see Family Ct Act § 1046[a][i]; Matter of Hope P. [Stephanie B.], 149 AD3d 947). The prior conduct is so proximate in time to the current proceedings that it can reasonably be concluded that the condition still exists (see Matter of Jerell P. [Qubilah G.], 157 AD3d 443; Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243; Matter of Alicia P. [Gregory P.], 123 AD3d 1135). [*3]In opposition to ACS's prima facie showing of entitlement to judgment as a matter of law, the affirmation of the mother's attorney failed to raise a triable issue of fact.
The mother's contention that the motion for summary judgment was not supported by an affidavit by a person having knowledge of the facts, as required by CPLR 3212(b), is improperly raised for the first time on appeal.
Accordingly, we agree with the Family Court's determination granting ACS's motion for summary judgment on the petitions (see Matter of Hope P. [Stephanie B.], 149 AD3d 947).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court