Matter of Sebastian R. (Debra S.) (2019 NY Slip Op 02708)





Matter of Sebastian R. (Debra S.)


2019 NY Slip Op 02708


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03368 
2018-03369
 (Docket No. N-21700-15)

[*1]In the Matter of Sebastian R. (Anonymous). Administration for Children's Services, petitioner-respondent; Debra S. (Anonymous), appellant, et al., respondent.


Mark Diamond, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Elina Druker of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (Diane Costanzo, J.), dated June 28, 2017, and (2) an order of disposition of the same court dated February 22, 2018. The order dated June 28, 2017, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment on so much of the petition as sought a finding that the mother derivatively neglected the subject child. The order of disposition dated February 22, 2018, insofar as appealed from, upon the order dated June 28, 2017, and upon consent, released the child to the custody of the father under the petitioner's supervision and directed that the mother would have only supervised parental access with the child.
ORDERED that the appeal from the order dated June 28, 2017, is dismissed, without costs or disbursements, as the portion of that order appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the child, upon consent, to the custody of the father under the petitioner's supervision and directed that the mother would have only supervised parental access with the child, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as released the child, upon consent, to the custody of the father under the petitioner's supervision and directed that the mother would have only supervised parental access with the child must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Naphtali A. [Winifred A.], 165 AD3d 781; Matter of Maurice M. [Suzanne H.], 158 AD3d 689). However, the appeal from so [*2]much of the order of disposition as brings up for review the finding of derivative neglect is properly before the Court, as the finding of derivative neglect was the subject of contest in the Family Court (see James v Powell, 19 NY2d 249, 256 n 3; Matter of Kiera N. (Shasha F.), 167 AD3d 620, 621).
We agree with the Family Court's determination granting that branch of the petitioner's motion which was for summary judgment on so much of the petition as sought a finding that the mother derivatively neglected the child. The petitioner made a prima facie showing of derivative neglect of the child based on a prior finding that the mother had neglected four of her older children (see Matter of Jerell P. [Qubilah G.], 157 AD3d 443; Matter of Camarrie B. [Maria R.], 107 AD3d 409). The mother failed to raise a triable issue of fact in opposition. Although the prior acts of neglect occurred before the subject child was born, taking into account the nature of the mother's conduct and other pertinent considerations, the conduct that formed the basis for a finding of neglect as to the older children is so proximate in time to the instant derivative proceeding that it can reasonably be concluded that the condition still exists (see Matter of Delilah D. [Richard D.], 155 AD3d 723; Matter of Hope P. [Stephanie B.], 149 AD3d 947, 948). The mother failed to sustain her burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future (see Matter of Hope P. [Stephanie B.], 149 AD3d at 948; Matter of Baby Boy D. [Adanna L.], 144 AD3d 1026). Since the mother failed to present any evidence to either rebut the petitioner's prima facie showing or establish that the condition leading to the neglect finding as to the other children no longer existed, we agree with the Family Court's finding of derivative neglect (see Matter of Madison B. [Daniel B.], 123 AD3d 1027; Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court