Matter of Cullop v Miller (2019 NY Slip Op 04558)





Matter of Cullop v Miller


2019 NY Slip Op 04558


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


377 CAF 18-00541

[*1]IN THE MATTER OF JAMIE CULLOP, PETITIONER-APPELLANT,
v
JASON MILLER, RESPONDENT-RESPONDENT. 






SCOTT T. GODKIN, UTICA, FOR PETITIONER-APPELLANT.
MICHAEL JOHNSON, UTICA, FOR RESPONDENT-RESPONDENT. 
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered March 13, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order dismissing her petition seeking permission to relocate with the subject child from Oneida County to Onondaga County where, she proposed, they would live with a registered sex offender who had been convicted of sexually abusing a child. While this appeal was pending, Family Court entered a subsequent order that transferred primary physical residence of the subject child from the mother to respondent father. Inasmuch as the primary physical residence of the subject child is no longer with the mother, "any corrective measures which this Court might have taken with respect to the order appealed from would have no practical effect" (Matter of Lateesha J., 252 AD2d 503, 503 [2d Dept 1998]; see Matter of Jaxsin L. [Heather L.], 124 AD3d 1398, 1399 [4th Dept 2015]; Matter of Tyler C. [Andrea G.], 82 AD3d 1093, 1094 [2d Dept 2011]). We therefore conclude that the subsequent order renders this appeal moot (see Matter of Warren v Hibbs, 136 AD3d 1306, 1306 [4th Dept 2016], lv denied 27 NY3d 909 [2016]; Matter of Salo v Salo, 115 AD3d 1368, 1368 [4th Dept 2014]), and we further conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Consequently, we dismiss the appeal (see Matter of Pugh v Richardson, 138 AD3d 1423, 1423-1424 [4th Dept 2016]; Jaxsin L., 124 AD3d at 1399; Matter of Alexander M. [Michael M.], 83 AD3d 1400, 1401 [4th Dept
2011], lv denied 17 NY3d 704 [2011]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court