Matter of Jaire C. (Lucinda J.) (2019 NY Slip Op 05978)





Matter of Jaire C. (Lucinda J.)


2019 NY Slip Op 05978


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-03198
 (Docket Nos. N-10245-14, N-10246-14)

[*1]In the Matter of Jaire C. (Anonymous). Administration for Children's Services, respondent; Lucinda J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jekiah J. (Anonymous). Administration for Children's Services, respondent; Lucinda J. (Anonymous), appellant. (Proceeding No. 2)


Anthony DeGuerre, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elizabeth I. Friedman of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Margaret Morgan, J.), dated March 7, 2018. The order, after fact-finding and dispositional hearings, and purportedly upon the mother's consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that the mother neglected the subject children and placed the subject children in the custody of the Commissioner of the Administration for Children's Services until the completion of the next permanency hearing.
ORDERED the appeal from so much of the order of fact-finding and disposition as placed the subject children in the custody of the Commissioner of the Administration for Children's Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,
ORDERED that the order of fact-finding and disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, the amended petitions are denied, and the proceedings are dismissed.
The Administration for Children's Services (hereinafter ACS) filed petitions dated April 23, 2014, and amended petitions dated March 10, 2015, alleging, inter alia, that the mother neglected the subject children. After a fact-finding hearing, the Family Court issued a decision on the record, finding that ACS established, by a preponderance of the evidence, that the children were neglected by the mother, and that the mother's testimony had been self-serving and "somewhat incredible."
Thereafter, the Family Court issued an order of fact-finding and disposition dated March 7, 2018, that erroneously recited that the mother consented to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a). The order found that the mother neglected the children and placed the children in the custody of the Commissioner of ACS until the completion of the next permanency hearing on April 17, 2018. The dispositional portion of the order has since expired, and the children were subsequently returned to the mother. The mother appeals.
Where there is a conflict between an order or judgment and the court's decision upon which it was based, the decision controls (see Matter of Damien S., 124 AD3d 667, 668; Matter of Testa v Strickland, 99 AD3d 917, 917). Although the order here recited that the mother consented to the entry of an order of fact-finding without admission, the record shows that the mother did not do so. The Family Court's decision on the record reveals that the court found that ACS established that the mother neglected the children. Nonetheless, the court's finding of neglect is not supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). ACS failed to meet its burden of proving, by a preponderance of the evidence, that the children's physical, mental, or emotional condition was in imminent danger of becoming impaired due to the mother's behavior (see Matter of Chaim R.[Keturah Ponce R.], 94 AD3d 1127, 1130; Matter of Casey N., 44 AD3d 861, 862).
Accordingly, the Family Court should have denied the amended petitions and dismissed the proceedings.
In light of our determination, we need not address the parties' remaining contentions.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court