Matter of Elijah G. (Chastity G.) (2020 NY Slip Op 03511)





Matter of Elijah G. (Chastity G.)


2020 NY Slip Op 03511


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-01239
2020-04208
 (Docket Nos. N-15201-16, N-4148-18)

[*1]In the Matter of Elijah G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 1.)
In the Matter of Hope G. (Anonymous). Administration for Children's Services, respondent; Chastity G. (Anonymous), et al., appellants. (Proceeding No. 2.)


Tennille M. Tatum-Evans, New York, NY, for appellant Chastity G.
Warren S. Hecht, Forest Hills, NY, for appellant Christopher G.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Diana Lawless of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals, and the father separately appeals, from two orders of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), both dated December 17, 2018. The orders of fact-finding, upon a decision of the same court, also dated December 17, 2018, granted the petitioner's motion for summary judgment on the petitions alleging that the mother and the father derivatively neglected their two youngest children.
ORDERED that on the Court's own motion, the notices of appeal from the decision dated December 17, 2018, are deemed to be premature notices of appeal from the orders of fact-finding dated December 17, 2018 (see CPLR 5512[a]); and it is further,
ORDERED the orders of fact-finding are affirmed, without costs or disbursements.
As is relevant to these appeals, in 2012, the Administration for Children's Services (hereinafter ACS) filed a petition pursuant to article 10 of the Family Court Act against the mother and the father, alleging that they neglected their child—their only child at that time—based on, inter alia, their failure to follow up on mental health treatment and the extreme unsanitary conditions in the home. Thereafter, findings of neglect, on consent, were entered as to the mother and the father [*2]with respect to that child. Subsequent petitions were filed against the mother and the father shortly after the birth of each of two additional children (hereinafter, collectively with the oldest child, the three oldest children), based on allegations, inter alia, that the mother and the father were not compliant with therapy and mental health treatment. Findings of neglect as to the mother and the father with respect to the two additional children were entered on consent, and the fact-finding order pursuant to which the findings were entered specified that the neglect findings were entered as to all allegations in the petitions.
Thereafter, ACS filed additional petitions, in 2016 and 2018, respectively (hereinafter the 2016 and 2018 petitions), against the mother and the father, alleging that they derivatively neglected their two youngest children. The three oldest children had been and remained in foster care at the time the 2016 and 2018 petitions were filed and, by January 2017, ACS had filed petitions to terminate the parental rights of the mother and the father as to each of the three oldest children.
In September 2018, ACS moved for summary judgment on the 2016 and 2018 petitions alleging that the mother and the father derivatively neglected the two youngest children. ACS asserted that the conduct that formed the basis of the findings of neglect as to the three oldest children was so proximate in time to these derivative proceedings that it could reasonably be concluded that the condition still existed. The Family Court granted the motion for summary judgment, and the mother and the father separately appeal.
Although there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, summary judgment pursuant to CPLR 3212 may be granted in such a proceeding when there is no triable issue of fact outstanding (see Family Ct Act § 165[a]; Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1000-1001).
We agree with the Family Court's determination that ACS established its entitlement to judgment as a matter of law on the issue of whether the mother and the father derivatively neglected the two youngest children (see Family Ct Act § 1012[f][i]). In support of its motion, ACS submitted several prior orders of the court finding that the mother and the father neglected the three oldest children and that both the mother and the father suffered from mental health issues and continually failed to comply with recommended mental health services (see Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398, 1400). The orders submitted demonstrated that the none of the three oldest children were returned to the care of the mother and the father, and that the conditions that resulted in the removal of those children continued to exist at the time ACS filed its motion for summary judgment (see Matter of A'Nyia P.G. [Qubilah C.T.G.], 176 AD3d 495, 496). This evidence of neglect indicates a fundamental defect in the mother's and the father's understanding of the duties of parenthood, warranting a finding of derivative neglect as to the two youngest children (see Family Ct Act § 1046[a][i]; Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Hope P. [Stephanie B.], 149 AD3d 947, 947). The prior conduct was so proximate in time to the derivative neglect proceedings that it can reasonably be concluded that the conditions still exist (see Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1244-1245).
Accordingly, ACS established, prima facie, that the mother and the father derivatively neglected the two youngest children through their failure to resolve the same issues that were the basis for the prior findings of neglect as to the three oldest children (see Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Annalise L. [Jalise P.], 170 AD3d 835, 837). In response to ACS's prima facie showing of entitlement to judgment as a matter of law, the mother and the father failed to raise a triable issue of fact.
Accordingly, we agree with the Family Court's determination that the mother and the father derivatively neglected their two youngest children.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court