In the Matter of XAVIER J. ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; FRANCESCA J. et al., Respondents. [849 NYS2d 648]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Elkins, J.), dated July 11, 2007 [2007 NY Slip Op 74449(U)], as, after a hearing pursuant to Family Court Act § 1027, inter alia, paroled the subject child to the custody of the mother under its supervision. By decision and order on motion of this Court dated July 27, 2007, enforcement of the order was stayed to the extent of remanding the subject child to the custody of the petitioner pending hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or

disbursements, and the subject child shall remain in the custody of the petitioner pending final determination of the neglect petition.

The petition alleges that the mother derivatively neglected the subject child, an infant born in June 2007, based upon past abuse and neglect cases involving the child's older siblings, one of whom died from being shaken by the mother, as well as the continuing risk posed by the father's drug abuse and violent behavior toward the mother. At a hearing held pursuant to Family Court Act § 1027 to determine whether the child should be removed from the mother's custody pending final determination of the neglect petition, the Family Court found that the mother had demonstrated that she posed no risk to the subject infant because she had successfully undergone therapy and had acted appropriately with the older siblings during supervised visitation. The court further determined that, although the father's behavior posed a significant continuing risk to the subject child, that risk was mitigated by issuing an order of protection. We disagree.

In determining whether, pursuant to Family Court Act § 1027, a child should be removed from the parent's custody pending final determination of the neglect petition, the court must "engage in a balancing test of the imminent risk with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal" (*Nicholson v Scoppetta,* 3 NY3d 357, 380 [2004]). As part of that analysis, the court must "balance [the] risk against the harm removal might bring" (*id.* at 378).

Under the circumstances of this case, the Family Court improvidently exercised its discretion in directing that the mother have custody of the child pending determination of the neglect petition. Although the mother pleaded guilty to manslaughter in connection with the death, in December 2001, of an infant in her care, the mother subsequently failed to acknowledge that her actions in shaking the baby caused the death (*see Matter of Umer K.,* 257 AD2d 195, 199 [1999]). Moreover, the mother's responses during the hearing on the instant matter indicate that she did not comprehend the seriousness of the father's behavior and failed fully to appreciate the risk it posed to the child. In light of the record before us, the safer course is not to return the child to the mother's custody pending the full fact-finding hearing and a final determination of the neglect petition (*see Matter of Nyasia J.,* 41 AD3d 478, 479 [2007]; *Matter of Janih M.,* 8 AD3d 384, 385 [2004]; *Matter of Robert H.,* 307 AD2d 293, 294 [2003]). Spolzino, J.P., Santucci, Lifson and Covello, JJ., concur.