■ In the Matter of HARMONY M.E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDRE C. et al., Appellants. (Proceeding Nos. 1 and 2.) In the Matter of QUEEN L.E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDRE C. et al., Appellants. (Proceeding Nos. 3 and 7.) In the Matter of PRECIOUS J.E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDRE C. et al., Appellants. (Proceeding Nos. 4 and 8.) In the Matter of BABY G.C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDRE C. et al., Appellants. (Proceeding No. 5.) In the Matter of ALLAH S.E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANDRE C. et al., Appellants (Proceeding Nos. 6 and 9.) [994 NYS2d 138]—

In related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Queens County (McGowan, J.), dated January 29, 2013, as, upon an order of fact-finding of the same court (Friedman, J.) dated June 27, 2005, finding that he derivatively abused the children Queen L.E. and Precious J.E., upon an order of the same court (McGowan, J.) dated November 24, 2008, inter alia, granting those branches of the motion of the Administration for Children's Services which were for summary judgment determining that he derivatively abused the children Baby G.C. and Allah S.E., upon an order of the same court (McGowan, J.) dated February 8, 2012, granting the motion of the Administration for Children's Services for summary judgment determining that he derivatively abused the child Harmony M.E., and upon his failure to appear at a continued dispositional hearing, placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing, and the mother separately appeals, as limited by her brief, from so much of the same order of disposition as, upon an order of fact-finding of the same court (McGowan, J.) dated March 18, 2011, finding that she had derivatively abused the children Queen, Precious, Baby, and Allah, upon the order dated February 8, 2012, granting the motion of the Administration for Children's Services for summary judgment determining that she derivatively abused the child Harmony and upon her failure to appear at the continued dispositional hearing, placed the subject children in the custody of the Commissioner of Social Ser-

vices of the City of New York until the next permanency hearing.

Ordered that the appeals from the order of disposition are dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (*see* CPLR 5511; *Matter of Smith v Howard*, 113 AD3d 781 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In September 2003, the parents' three-month-old son died while in the father's care. The coroner determined that the baby's death was a homicide and that the baby had died of asphyxiation by smothering. The father was charged with manslaughter in the second degree, criminally negligent homicide, and endangering the welfare of a minor, and pleaded guilty to the latter charge. The Administration for Children's Services (hereinafter ACS) filed derivative abuse petitions against the father relating to the parents' two older children, Queen L.E. and Precious J.E. On June 27, 2005, the Family Court, after a fact-finding hearing, found that the father had derivatively abused Queen and Precious. The parents thereafter had additional children (hereinafter collectively the younger children), and ACS filed additional derivative abuse petitions against the father as each child was born. In addition, in December 2005, ACS filed three petitions against the mother alleging that she had derivatively abused the two older children, and the first of the younger children, Allah S.E., by failing to enforce protective orders against the father. The children were removed from the mother's care by ACS and placed in foster care. ACS named the mother as a respondent in its subsequent petitions relating to the two youngest children, Harmony M.E. and Baby G.C., based upon the same allegations, and each of these children was removed from the home as an infant. ACS subsequently moved, inter alia, for summary judgment against the father on its petitions relating to the children Allah and Baby, and, in an order dated November 24, 2008, the Family Court granted the motion. On March 18, 2011, after a fact-finding hearing, the court issued an order finding that the mother had derivatively abused the children Queen, Precious, Baby, and Allah by allowing the father access to these children in violation of an order of protection. ACS then moved for summary judgment against the father and the mother on its petition relating to Harmony and, in an order dated February 8, 2012, the court granted that motion.

On May 1, 2012, the Family Court commenced a dispositional hearing relating to all of the children and both parents. The parents were present on that date, but on the adjourned date of January 29, 2013, neither parent appeared, and the court entered its order of disposition on their failure to appear at the continued dispositional hearing. The parents separately appeal

from the order of disposition.

Where an order appealed from is made upon the appellants' default, review is limited to matters which were the subject of contest below (*see Matter of Smith v Howard*, 113 AD3d at 781; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907, 908 [2013]). Here, the mother and father failed to appear at the continued dispositional hearing. Accordingly, their appeals from the order of disposition must be dismissed except insofar as they bring up for review the fact-finding and summary judgment determinations of the Family Court, which were the subject of contest below (*see Matter of Alexandria M. [Mattie M.]*, 108 AD3d 548, 548-549 [2013]; *Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]).

In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence (*see Matter of Amber C.*, 38 AD3d 538, 540 [2007]). While proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent (*see* Family Ct Act § 1046 [a] [i]; *Matter of Amber C.*, 38 AD3d at 540), a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings (*see Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]). Instead, the focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood (*see id.* at 969; *Matter of Monica C.M. [Arnold A.]*, 107 AD3d at 997; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694, 694 [1993]) or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care (*see Matter of Amber C.*, 38 AD3d at 540; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]).

A finding of derivative abuse is warranted where a respondent's abuse of the subject child is so closely connected with the care of another child as to indicate that the second child is equally at risk (*see Matter of Marino S.*, 100 NY2d 361, 374 [2003]). In determining whether a child born after the underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists (*see Matter of Elijah O. [Marilyn O.]*, 83

AD3d 1076, 1077 [2011]; *Matter of Cruz,* 121 AD2d 901, 902-903 [1986]).

Here, the evidence before the Family Court established not only that the father had pleaded guilty to endangering the welfare of a child in connection with the death of the parents' son in 2003, but also that he had pleaded guilty to assault in the second degree for attempting in 1993 to strangle a three-month-old child from a prior relationship. A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct (*see Matter of Tyreek A. [Franklyn A.],* 108 AD3d 527, 527-528 [2013]; *Matter of Yamillette G. [Marlene M.],* 74 AD3d 1066, 1067 [2010]). There is no indication that the father here lacked a full and fair opportunity to challenge either of his convictions. Accordingly, the court properly determined that the father had derivatively abused the two older children, Queen and Precious (*see Matter of Tyreek A. [Franklyn A.],* 108 AD3d at 528; *Matter of Yamillette G. [Marlene M.],* 74 AD3d at 1067; *see also Matter of Xavier J.,* 47 AD3d 815 [2008]).

Although the Family Court Act does not specifically provide for summary judgment, it does state that "the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved" (Family Ct Act § 165 [a]). Thus, in an appropriate case, the Family Court may enter a finding of neglect or abuse on a motion for summary judgment in lieu of holding a fact-finding hearing, upon the petitioner's prima facie showing of neglect or abuse as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion (*see Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178, 182-183 [1994]; *Matter of Giovanni S. [Jasmin A.],* 98 AD3d 1054, 1056 [2012]). Here, because a fact-finding hearing had been held as to the two older children, and because the petitions relating to the younger children were all based upon events which occurred prior to their births, no purpose would have been served by holding separate fact-finding hearings as to the younger children. Accordingly, contrary to the father's contention, the Family Court properly permitted the agency to move for summary judgment as to the petitions relating to the younger children.

The father contends that, as to the younger children, the death of the parents' son was too remote in time to support a finding of derivative abuse. However, the Family Court correctly determined that, given the seriousness of the father's conduct— smothering his son and attempting to strangle another child 10 years earlier—the risk to the children remained despite the

years which had passed. Moreover, in response to ACS's motions for summary judgment, the father did not submit any evidence suggesting that he had overcome whatever psychological flaws led him to commit such violent acts against his children or otherwise establishing that he no longer posed a danger to his children (*see Matter of Kayden E. [Luis E.]*, 111 AD3d 1094, 1096 [2013]; *but see Matter of Monica C.M. [Arnold A.]*, 107 AD3d at 997). Accordingly, with respect to the father, the Family Court properly granted ACS's motions for summary judgment on its petitions relating to the younger children.

In her separate appeal, the mother contends that the Family Court erred in basing its findings against her upon statements made by the two older children when they were between four and six years old. Pursuant to Family Court Act § 1046, "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see Matter of Nicole V.*, 71 NY2d 112, 123 [1987]). The out-of-court statements of siblings may properly be used to cross-corroborate one another (*see Matter of Jada A. [Robert W.]*, 116 AD3d 769 [2014]; *Matter of Jeshaun R. [Ean R.]*, 85 AD3d 798, 799 [2011]; *Matter of Tristan R.*, 63 AD3d 1075, 1076 [2009]; *Matter of Latisha W.*, 221 AD2d 645, 645 [1995]). The Family Court has considerable discretion in the first instance to determine if a child's out-of-court statements have been reliably corroborated, and whether the record as a whole supports a finding of abuse or neglect (*see Matter of Tristan R.*, 63 AD3d at 1078).

Here, the record supports the Family Court's determination that the older children's statements corroborate one another. Accordingly, the record supports the court's determination that the mother derivatively abused the two older children and the first of the younger children by allowing the father access to them in violation of a protective order (*see Matter of Alanna S. [Regina A.]*, 92 AD3d 787, 788 [2012]; *Matter of Aliciya R.*, 56 AD3d 784, 784-785 [2008]; *Matter of Devontay M.*, 56 AD3d 561, 562 [2008]; *see also Matter of Xavier J.*, 47 AD3d 815, 816 [2008]). Similarly, the record also supports the court's determination that the other younger children were derivatively abused. Throughout the various proceedings in this case, the mother has steadfastly refused even to entertain the possibility that the

father played any part in their son's death, notwithstanding her knowledge of ample evidence to the contrary. The mother's inability or unwillingness to recognize the risk posed by the father demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, and supported a finding of derivative abuse as to the younger children (see *Matter of Devontay M.*, 56 AD3d at 562). This evidence, in combination with the older children's statements and the court's credibility determinations, to which we accord deference (see *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770 [2014]; *Matter of Jada A. [Robert W.]*, 116 AD3d at 769; *Matter of Tristan R.*, 63 AD3d at 1078), supports the court's determination that the mother derivatively abused all of the subject children.

The father's remaining contention is without merit (see *Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182-183; *Matter of Giovanni S. [Jasmin A.]*, 98 AD3d at 1056). Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.