■ In the Matter of VINCENT M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMIE M., Appellant. [19 NYS3d 559]—

Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Hal B. Greenwald, J.), dated April 3, 2014. The order, without a hearing, found that the mother neglected the subject child and awarded custody of the subject child to the paternal grandparents.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings on the petition consistent herewith; and it is further,

Ordered that the subject child shall remain in the custody of the paternal grandparents pending final determination of the petition.

Jamie M. (hereinafter the mother) is the biological mother of the subject child. On July 19, 2011, the Westchester County

Department of Social Services (hereinafter the DSS) commenced a neglect proceeding against the mother pursuant to article 10 of the Family Court Act. The petition alleged that on July 1, 2011, the mother neglected the subject child by purchasing heroin and using it in the subject child's presence. The petition further alleged that on the same day, the mother was arrested and charged with crimes including criminal possession of a controlled substance in the seventh degree.

At a conference held on January 15, 2013, the Family Court received a copy of a certificate of disposition from the Dobbs Ferry Village Court, Criminal Part. The certificate of disposition stated that on April 12, 2012, the mother was convicted of two crimes relating to an arrest that took place on July 1, 2011. One of the crimes the mother was convicted of was criminal possession of a controlled substance in the seventh degree. Without proceeding to a hearing, the Family Court took judicial notice of the certificate of disposition and entered a finding of neglect against the mother, finding that the date of arrest and the conviction of criminal possession of a controlled substance in the seventh degree matched the date of arrest and one of the crimes alleged in the petition. The mother appeals.

Family Court Act § 1051 (a) provides that the Family Court may enter an order finding that a child is an abused child or a neglected child on the consent of all parties and the attorney for the child, or following the completion of a fact-finding hearing at which the petitioning agency establishes the allegations of abuse or neglect by a preponderance of the evidence (*see* Family Ct Act §§ 1044, 1046 [b] [i]). Further, in appropriate cases, the Family Court may also enter an order finding that a child is an abused child or a neglected child on a motion for summary judgment in lieu of holding a fact-finding hearing, upon the petitioning agency's prima facie showing of neglect or abuse as a matter of law, and the respondent's failure to raise a triable issue of fact in opposition to the motion (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182 [1994]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 680 [2014]).

Here, the Family Court did not enter the finding of neglect on the consent of all parties and the attorney for the child, or following the completion of a fact-finding hearing (*see* Family Ct Act § 1051 [a]). Moreover, the Family Court did not enter the finding of neglect upon a motion by the DSS for summary judgment (*cf. Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d at 182; *Matter of Harmony M.E. [Andre*

*C.J*, 121 AD3d at 680). Thus, the Family Court, which simply took judicial notice at a conference of a certificate of disposition, lacked the authority to enter a finding of neglect. Accordingly, the matter must be remitted to the Family Court, Westchester County, for further proceedings on the petition consistent herewith. Additionally, pending final determination of the petition, the subject child shall remain in the custody of the paternal grandparents.

In light of our determination, we need not reach the mother's remaining contention. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.