■ In the Matter of SARA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASHIK A., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MAYA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASHIK A., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ZARA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASHIK A., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of EHSAN A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ASHIK A., Appellant, et al., Respondent. (Proceeding No. 4.) [35 NYS3d 450]—

Appeal from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated April 10, 2015. The order, insofar as appealed from, after a hearing, denied the father's application to release the subject children to him, and directed that the children remain in the care of the father's aunt and uncle during the pendency of the neglect proceedings.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Administration for Children's Services (hereinafter ACS) commenced these neglect proceedings against the father and the mother following the emergency removal of the four subject children on March 26, 2015. The neglect allegations against the father center on his alleged history of domestic violence against the mother in the presence of the children.

The Family Court held a combined hearing pursuant to Family Court Act §§ 1027 and 1028 on the father's application to release the children to him during the pendency of the neglect proceedings (see Matter of William C., 209 AD2d 408, 408 [1994]). During the hearing, the children were placed with the father's aunt and uncle, and the father was directed not to reside in the home with the children, although he was allowed liberal supervised visitation. Following the hearing, in an order dated April 10, 2015, the Family Court denied the father's application and directed that the children were to remain in the care of the aunt and uncle during the pendency of the neglect proceedings, that the father would have liberal supervised visitation with the children, and that the father was to comply with all ACS referrals. The father appeals.

As an initial matter, the father's arguments concerning the emergency removal of the children are academic in light of the order dated April 10, 2015 (see Matter of Forrest S.-R. [Shirley X.S.], 101 AD3d 734, 735-736 [2012]; Matter of Angelique L., 42 AD3d 569, 570-571 [2007]).

Following a hearing pursuant to Family Court Act §§ 1027 or 1028, "if the court finds that removal is necessary to avoid imminent risk to the child's life or health, it shall remove or continue the removal of the child" (Family Ct Act § 1027 [b] [i]; see Family Ct Act § 1028 [a]). If the court finds imminent risk, it must then decide "whether continuation in the child's home would be contrary to the best interests of the child" and whether "reasonable efforts were made . . . to make it possible for the child to safely return home" (Family Ct Act §§ 1027 [b] [ii]; 1028 [b]). The court must balance the imminent risk to the child "against the harm removal might bring," and determine whether removal "is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]). The court also "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (id. at 378-379).

Here, there was a sound and substantial basis in the record for the Family Court's determination that the children's lives

or health would be at imminent risk if they were released to the custody of the father during the pendency of these proceedings (*see Matter of Joseph S.*, 43 AD3d 408, 409 [2007]). The father correctly contends that the court failed to sufficiently weigh whether the imminent risk to the children could be "mitigated by reasonable efforts to avoid removal" (*see Nicholson v Scoppetta*, 3 NY3d at 378), as the court simply listed several areas of concern related to mitigation without actually analyzing whether those concerns could, in fact, be mitigated (*see id.*). However, upon the exercise of our factual review power (*see Matter of Austin M. [Dale M.]*, 97 AD3d 1168, 1169 [2012]; *Matter of Serenity S. [Tyesha A.]*, 89 AD3d 737, 739 [2011]; *Matter of Leon G.*, 7 AD3d 524, 525 [2004]), we find that the risk to the children in this case cannot be mitigated, as the evidence demonstrated that the father would not comply with any order issued in an attempt to mitigate the risk to the children (*see Matter of Jasmine W. [Michael J.]*, 132 AD3d 774, 775 [2015]; *Matter of Gabriel James M.*, 59 AD3d 448, 448 [2009]; *Matter of Xavier J.*, 47 AD3d 815, 815-816 [2008]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.