Matter of Jonathan R.F.-C. (Virgilio D.O.) (2019 NY Slip Op 07025)





Matter of Jonathan R.F.-C. (Virgilio D.O.)


2019 NY Slip Op 07025


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9963B 9963A 9963

[*1]9963C In re Jonathan R.F.-C., A Child Under Eighteen Years of Age, etc., Virgilio D.O., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about August 23, 2018, to the extent it brings up for review orders, same court and Judge, entered on or about December 19, 2017, and on or about November 28, 2017, which granted petitioner agency's motion for summary judgment on the issue of respondent's derivative abuse of the subject child, unanimously affirmed, without costs. Order of protection, same court and Judge, entered on or about August 23, 2018, unanimously affirmed, without costs. Appeals from December 19, 2017 and November 20, 2017 orders unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Respondent failed to raise an issue of fact in opposition to petitioner's prima facie showing of his derivative abuse of the subject child (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515 [1st Dept 2016], lv denied 27 NY3d 907 [2016]). Respondent was criminally convicted of raping the child's then seven-year-old half-sister and filming the sexual assault, and was sentenced to 25 years to life in prison, following a jury trial at which he had a full and fair opportunity to litigate the issue of his criminal conduct (see Matter of Lea C. [Akil F.], 160 AD3d 724, 726 [2d Dept 2018]; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 680 [2d Dept 2014]). The fact that the child had not yet been born at the time of the rape of his half-sister does not undermine the finding of derivative neglect, as respondent's actions demonstrate parental judgment and impulse control so defective as to create a substantial risk of harm to any child in his care (see id. at 679).
The presumption that parental visitation is in the best interests of a child was rebutted by the record demonstration, by a preponderance of the evidence, that visitation with respondent would not be in the child's best interests (see Matter of Granger v Misercola, 21 NY3d 86, 90-92 [2013]; Matter of Giovanni H.B. [Henry B.-Orissa B.], 172 AD3d 489 [1st Dept 2019]). The now five-year-old child has never met respondent, who has been incarcerated for the entirety of the child's life. Respondent continues to deny his guilt following his conviction for sexual assault of a child and use of a child in a sexual performance. He has failed to attend or complete a sex offender program, a condition of visitation, and contends that he does not need sex offender treatment. While respondent has suggested that visitation could be facilitated by the child's [*2]paternal grandmother, she is a complete stranger to the child.
The record supports the issuance of an order of protection (see e.g. Matter of Lea C., 160 AD3d at 727).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK