Matter of Nasir C. (Aliyyah Rashida C.) (2020 NY Slip Op 02092)





Matter of Nasir C. (Aliyyah Rashida C.)


2020 NY Slip Op 02092


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-10923
 (Docket No. N-14089-19)

[*1]In the Matter of Nasir C. (Anonymous). Administration for Children's Services, appellant; Aliyyah Rashida C. (Anonymous), respondent.


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Zachary S. Shapiro of counsel), for appellant.
Brooklyn Defender Services-Family Defense Practice, Brooklyn, NY (Amy Mulzer and Pivali Basak of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ann O'Shea, J.), dated September 18, 2019. The order, after a hearing, in effect, denied the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and to place the child in the custody of the petitioner pending the outcome of the proceeding. By decision and order on motion dated October 20, 2019, this Court stayed enforcement of the order, pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and to place the child in the custody of the petitioner pending the outcome of the proceeding is granted.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding against the mother alleging that she neglected the subject child, who was born five days earlier. ACS sought, pursuant to Family Court Act § 1027, to remove the subject child from the custody of the mother and to place the child in its custody pending the outcome of the proceeding. By order dated September 18, 2019, after a hearing, the Family Court, in effect, denied the petitioner's application. The petitioner appeals. By decision and order on motion dated October 20, 2019, this Court stayed enforcement of the order, pending hearing and determination of the appeal, and we now reverse.
"[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204 [internal quotation marks and citation omitted]). At a hearing pursuant to Family Court Act § 1027, temporary removal is authorized only where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, [*2]3 NY3d 357, 376; see Family Court Act § 1027[b][i]). In that respect, there must be a showing of "near or impending" imminent danger, "not merely possible" danger to the child (Nicholson v Scoppetta, 3 NY3d at 369).
The subject child is the mother's fifth child. In 2006 the mother's first child died, at the age of two months, after sustaining multiple head fractures as a result of blunt force trauma. In 2008 the mother's second child, at the age of four months, sustained seven rib fractures among, other injuries. The mother was incarcerated as a result of that child's injuries, and it was determined, in a child protective proceeding, that the mother abused that child.
In 2012 and 2013, the mother gave birth to a third and fourth child, respectively. The children were removed from the mother's care, respectively, based on a finding of derivative abuse and a finding of neglect for failure to provide adequate food, housing, and clothing. Although those children were thereafter returned on a trial discharge, ACS ended the trial discharge when the mother failed to ensure that the children attended school regularly and that they received their mental health treatment.
Since the evidence failed to establish that the mother adequately addressed and acknowledged the circumstances that led to the death of her first child and the removal of her other children, the record does not provide a sound and substantial basis for the Family Court's determination, in effect, to deny the petitioner's application to remove the subject child from the mother's custody and to place the child in its custody pending the outcome of the proceeding (see Matter of Audrey L. [Marina L.], 147 AD3d 838, 840; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). Accordingly, the court should have granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and to place the child in the custody of the petitioner pending the outcome of the proceeding.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court