Matter of Zaylynn J. (Benni J.) (2020 NY Slip Op 05508)





Matter of Zaylynn J. (Benni J.)


2020 NY Slip Op 05508


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-06129
2019-06130
2019-06131
 (Docket No. N-15263-16)

[*1]In the Matter of Zaylynn J. (Anonymous). Administration for Children's Services, respondent; Benni J. (Anonymous), appellant.


Salvatore C. Adamo, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Julie Steiner of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.) dated April 25, 2019, (2) an order of disposition of the same court dated April 29, 2019, and (3) a temporary order of protection of the same court dated April 29, 2019. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The temporary order of protection, inter alia, directed the father to stay away from the child, except for certain court-ordered parental access, until and including June 26, 2019.
ORDERED that the appeal from the order of fact-finding, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition, as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from the temporary order of protection is dismissed as academic, without costs or disbursements.
In August 2016, the Administration for Children's Services filed a petition alleging that the father had neglected the subject child by engaging in acts of domestic violence against the [*2]child's mother in the presence of the child. Following fact-finding and dispositional hearings, the Family Court found that the father had neglected the child and placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The court also issued a temporary order of protection, inter alia, directing the father to stay away from the child, except for certain parental access, until and including June 26, 2019. The father appeals from the order of disposition and the temporary order of protection.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of City of New York until the completion of the next permanency hearing has been rendered academic, as an additional permanency hearing has since been held (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580). However, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected the child is not academic since the adjudication of neglect constitutes a permanent stigma, which might indirectly affect the father's status in future proceedings (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 745).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; see Matter of Briana F. [Oswaldo F.], 69 AD3d 718, 719). Where the Family Court "'was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record'" (Matter of Ivy R.Q.M. [Afroz Q.M.], 184 AD3d 833, 836, quoting Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616). Here, the Family Court's finding that the father neglected the child, based upon its determination to credit the mother's testimony regarding several incidents of domestic violence perpetrated in the presence of the child, is supported by the record (see Matter of Cerise M. [Michael M.], 177 AD3d at 745).
The appeal from the temporary order of protection must be dismissed as academic, as that order has expired by its terms and imposes no enduring consequences on the father (see Matter of Shanee R. [Young], 173 AD3d 1187; Matter of Hannah T.R. [Soya R.], 149 AD3d 957).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court