Matter of Baby B. J. (Shanae J.) (2020 NY Slip Op 05507)





Matter of Baby B. J. (Shanae J.)


2020 NY Slip Op 05507


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-13298
 (Docket No. N-14100/19)

[*1]In the Matter of Baby B. J. (Anonymous). Administration for Children's Services, petitioner-respondent; Shanae J. (Anonymous), respondent-appellant, et al., respondent. Lauri Gennusa, Jamaica, NY, for respondent-appellant.


James E. Johnson, Corporation Counsel, New York, NY (Barbara Graves-Poller and Jeremy W. Shweder of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Margaret Morgan, J.), dated October 16, 2019. The order, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and to place the child in the custody of the petitioner pending the outcome of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In July 2018, the Administration for Children's Services (hereinafter ACS) filed petitions alleging, inter alia, that the mother neglected her second child, who was then 6 months old, and derivatively neglected her eldest child, who was then 17 months old. In September 2018, prior to the commencement of a fact-finding hearing on those petitions, the second child died while in the mother's custody and care. On July 10, 2019, the ACS commenced this proceeding alleging, inter alia, that the mother neglected the subject child, who is her third child and who was born several days earlier. Thereafter, the ACS made an application pursuant to Family Court Act § 1027 to remove the subject child from the mother's custody and to place the child in its custody pending the outcome of the proceeding. By order dated October 16, 2019, after a hearing, the Family Court granted the ACS's application. The mother appeals.
"[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent" (Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204 [internal quotation marks omitted]). At a hearing pursuant to Family Court Act § 1027, temporary removal is authorized only where the court finds it necessary "to avoid imminent risk to the child's life or health" (Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). In that respect, there must be a showing of "near or impending" imminent danger, "not merely possible" danger to the child (Nicholson v Scoppetta, 3 NY3d at 369). "Since the Family Court has the advantage of viewing the witnesses and assessing [*2]their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Riley P. [Raymond S.], 171 AD3d 757, 759; see Matter of Melody M. [Cierra B.], 176 AD3d 942, 943; Matter of Jorge T. [Christine S.], 157 AD3d 800, 801).
Here, there is a sound and substantial basis in the record supporting the Family Court's finding that the child would be subject to imminent risk if he were released to the mother's custody and care, and that the risk could not be mitigated by reasonable efforts short of removal (see Matter of Nasir C. [Aliyyah Rashida C.], 181 AD3d 964, 965; Matter of Riley P. [Raymond S.], 171 AD3d at 759; Matter of Chaya K. [Allen K.], 149 AD3d 935, 935; Matter of Jasmine W. [Michael J.], 132 AD3d 774, 775; Matter of Arthur G. [Tiffany M.], 112 AD3d 925, 926). Accordingly, we agree with the Family Court's determination granting the application of the ACS to temporarily remove the subject child from the mother's custody.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court