Matter of Kai'Ere D. (Carissa B.) (2021 NY Slip Op 06845)





Matter of Kai'Ere D. (Carissa B.)


2021 NY Slip Op 06845


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2020-08819 
2021-02938
 (Docket No. N-27018-19)

[*1]In the Matter of Kai'Ere D. (Anonymous). Administration for Children's Services, respondent; 
and
Carissa B. (Anonymous), appellant.


Brooklyn Defender Services, Brooklyn, NY (Brian Holbrook and Kathryn Lissi of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Ellen Ravitch of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Kings County (Linda Capitti, J.), dated November 24, 2020, and (2) an order of the same court dated November 25, 2020. The orders, after a hearing, granted the petitioner's motion pursuant to Family Court Act § 1027 to remove the subject child from the custody of the mother and place the child in the custody of the petitioner pending the determination of the proceeding.
ORDERED that the appeal from the order dated November 24, 2020, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 25, 2020; and it is further,
ORDERED that the order dated November 25, 2020, is affirmed, without costs or disbursements.
The petitioner, Administration for Children's Services, filed a petition and an amended petition alleging, inter alia, that the mother neglected the subject child. The child was initially removed from the mother's care on an emergency basis, but was later returned to her pursuant to Family Court orders conditioning the release of the child to the mother upon her compliance with various directives contained in those orders.
After the child was admitted to the hospital with severe burns, the petitioner moved pursuant to Family Court Act § 1027 to remove the child from the custody of the mother and place the child in the custody of the petitioner pending the determination of the proceeding. The petitioner alleged, inter alia, that the mother failed to comply with the aforementioned directives in the prior release orders. After a hearing, the Family Court granted the petitioner's motion. The mother [*2]appeals.
"'[O]nce a child protective petition has been filed, Family Court Act § 1027(a)(iii) authorizes the court to conduct a hearing to determine whether the child's interests require protection, including whether the child should be removed from his or her parent'" (Matter of Baby B.J. [Shanae J.], 187 AD3d 752, 752, quoting Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 204). At a hearing pursuant to Family Court Act § 1027, temporary removal is authorized only where the court finds it necessary "'to avoid imminent risk to the child's life or health'" (Matter of Baby B.J. [Shanae J.], 187 AD3d at 753, quoting Nicholson v Scoppetta, 3 NY3d 357, 376; see Family Ct Act § 1027[b][i]). "In that respect, there must be a showing of 'near or impending' imminent danger, 'not merely possible' danger to the child" (Matter of Baby B.J. [Shanae J.], 187 AD3d at 753, quoting Nicholson v Scoppetta, 3 NY3d at 369). "Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Riley P. [Raymond S.], 171 AD3d 757, 759; see Matter of Melody M. [Cierra B.], 176 AD3d 942, 943).
Here, there is a sound and substantial basis in the record supporting the Family Court's determination that the child would be subject to imminent risk if he were released to the mother's custody and care, and that the risk could not be mitigated by reasonable efforts short of removal (see Matter of Baby B.J. [Shanae J.], 187 AD3d at 753; Matter of Sara A. [Ashik A.], 141 AD3d 646). Accordingly, the court correctly granted the petitioner's motion to remove the child from the mother's custody pending the determination of the proceeding.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court