Matter of Daniella G. (Margarita K.) (2022 NY Slip Op 03724)

Matter of Daniella G. (Margarita K.)

2022 NY Slip Op 03724

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-06262
 (Docket Nos. N-5466-21, N-5467-21)

[*1]In the Matter of Daniella G. (Anonymous). Administration for Children's Services, respondent; Margarita K. (Anonymous), appellant.
In the Matter of Nathan G. (Anonymous). Administration for Children's Services, respondent; Margarita K. (Anonymous), appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (John Moore and Chloe K. Moon of counsel), for respondent.
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated July 30, 2021. The order, after a hearing, granted the petitioner's application pursuant to Family Court Act § 1027 to remove the subject children from the custody of the mother and place the children with the nonrespondent father pending the determination of the proceedings, and denied the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) filed petitions alleging that the mother neglected the subject children by failing to provide them with proper supervision or guardianship due to her untreated mental illness and by unreasonably inflicting excessive corporal punishment upon the children. ACS thereafter made an application pursuant to Family Court Act § 1027 to remove the children from the mother's custody and place the children with the nonrespondent father pending the determination of the proceedings, and the mother made an application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings. The court scheduled a hearing on the applications and directed that, pending the hearing, the children were to remain in the father's care. In an order dated July 30, 2021, the Family Court, after a hearing, denied the mother's application and granted ACS's [*2]application. The mother appeals.
"Following a hearing pursuant to Family Court Act §§ 1027 or 1028, 'if the court finds that removal is necessary to avoid imminent risk to the child's life or health, it shall remove or continue the removal of the child'" (Matter of Sara A. [Ashik A.], 141 AD3d 646, 647, quoting Family Ct Act § 1027[b][i]; see Nicholson v Scoppetta, 3 NY3d 357, 376). "If the court finds imminent risk, it must then decide 'whether continuation in the child's home would be contrary to the best interests of the child' and whether 'reasonable efforts were made . . . to make it possible for the child to safely return home" (Matter of Sara A. [Ashik A.], 141 AD3d at 647, quoting Family Ct Act § 1027[b][ii]; 1028[b]; see Nicholson v Scoppetta, 3 NY3d at 378). "[A] court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d at 378). "Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kai'Ere D. [Carissa B.], 200 AD3d 778, 779 [internal quotation marks omitted]; see Matter of Melody M. [Cierra B.], 176 AD3d 943, 943; Matter of Riley P. [Raymond S.], 171 AD3d 757, 758).
Here, contrary to the mother's contention, there is a sound and substantial basis in the record supporting the Family Court's determination that the children would be at imminent risk of physical and emotional harm if they were released to the mother's care, and that the risk could not be mitigated by reasonable efforts short of removal (see Matter of Kai'Ere D. [Carissa B.], 200 AD3d at 779; Matter of Melody M. [Cierra B.], 176 AD3d at 943; Matter of Riley P. [Raymond S.], 171 AD3d at 758). The evidence adduced at the hearing demonstrated that the mother suffers from mental illness, but is not committed to treatment on a consistent basis, which results in her erratic and manic behavior, episodes of extreme hyperactivity and depression, and aggressive conduct toward the children. The evidence also established that the mother frequently hit, screamed at, and cursed at the children.
Accordingly, the Family Court properly granted ACS's application pursuant to Family Court Act § 1027 to remove the children from the mother's custody and place the children with the nonrespondent father pending the determination of the proceedings, and denied the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court