Matter of Nicholas M. (Lisa B.) (2022 NY Slip Op 07236)

Matter of Nicholas M. (Lisa B.)

2022 NY Slip Op 07236

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-08486
2021-08977
2021-08984
 (Docket Nos. N-13733-21, N-13734-21)

[*1]In the Matter of Nicholas M. (Anonymous). Suffolk County Department of Social Services, respondent; Lisa B. (Anonymous), appellant (and another proceeding).

Darla A. Filiberto, Islandia, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) a temporary order of protection of the Family Court, Suffolk County (Caren Loguercio, J.), dated October 22, 2021, (2) an order of the same court dated November 1, 2021, and (3) an order of the same court dated November 10, 2021. The temporary order of protection, inter alia, directed that the mother stay away from the subject child except for supervised parental access. The order dated November 1, 2021, in effect, continued temporary removal of the subject child pursuant to Family Court Act § 1027. The order dated November 10, 2021, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for a return of the subject child.
ORDERED that the appeal from the temporary order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the orders dated November 1, 2021, and November 10, 2021, are affirmed, without costs or disbursements.
On October 22, 2021, the petitioner, Suffolk County Department of Social Services (hereinafter DSS), filed an emergency petition pursuant to Family Court Act § 1022 seeking to remove the subject child from the parents' custody and place him with a maternal aunt pending the determination of neglect proceedings against the parents. After a hearing on the issue of the child's temporary removal, by order dated October 22, 2021, the Family Court, among other things, placed the child in the care of a maternal aunt with DSS supervision. The court also entered a temporary order of protection directing that the parents stay away from the child except for supervised parental access. Thereafter, on October 25, 2021, the mother filed an application pursuant to Family Court Act § 1028 for the return of the child to her custody. The next day, on October 26, 2021, DSS filed [*2]a neglect petition against each parent in which it sought the child's continued removal pursuant to Family Court Act § 1027. After a hearing, in an order dated November 1, 2021, the court, in effect, continued the child's placement with the maternal aunt pending the determination of the neglect proceedings, and in an order dated November 10, 2021, denied the mother's application for the return of the child. The mother appeals from the temporary order of protection and the orders dated November 1, 2021, and November 10, 2021.
The appeal from the temporary order of protection must be dismissed as academic because that order expired by its own terms and imposes no enduring consequences on the mother (see Matter of Zaylynn J. [Benni J.], 187 AD3d 753, 755; Matter of Isaac S. [Miriam S.], 178 AD3d 829, 829).
"'Following a hearing pursuant to Family Court Act §§ 1027 or 1028, if the court finds that removal is necessary to avoid imminent risk to the child's life or health, it shall remove or continue the removal of the child'" (Matter of Daniella G. [Margarita K.], 206 AD3d 730, 731, quoting Matter of Sara A. [Ashik A.], 141 AD3d 646, 647; see Family Ct Act § 1027[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 380; see also Family Ct Act §§ 1022[a][iii]; 1027[b][ii]; 1028[b]). "In order to justify a finding of imminent risk to life or health, the agency need not prove that the child has suffered actual injury" (Nicholson v Scoppetta, 3 NY3d at 377). Where imminent risk is found, the court must "'decide whether continuation in the child's home would be contrary to the best interests of the child and whether reasonable efforts were made . . . to make it possible for the child to safely return home'" (Matter of Daniella G. [Margarita K.], 206 AD3d at 731, quoting Matter of Sara A. [Ashik A.], 141 AD3d at 647 [internal quotation marks omitted]). "'Since the Family Court has the advantage of viewing the witnesses and assessing their character and credibility, its determination in this regard should not be disturbed unless it lacks a sound and substantial basis in the record'" (Matter of Daniella G. [Margarita K.], 206 AD3d at 731, quoting Matter of Kai'Ere D. [Carissa B.], 200 AD3d 778, 779).
Here, there is a sound and substantial basis in the record supporting the Family Court's determination that the child would be at imminent risk to his life or health if returned to the mother's care during the pendency of the neglect proceedings, and that the risk could not be mitigated by reasonable efforts short of removal (see Family Ct Act §§ 1027, 1028; Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974). Accordingly, the court properly denied the mother's application pursuant to Family Court § 1028 to return the child to her care, and, in effect, continued removal of the child pursuant to Family Court Act § 1027 pending the determination of the neglect proceedings.
The mother's contention that the Family Court erred in granting DSS's emergency petition pursuant to Family Court Act § 1022 is not properly before this Court.
DILLON, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court