Matter of Nicholas M. (Robert M.) (2024 NY Slip Op 00631)

Matter of Nicholas M. (Robert M.)

2024 NY Slip Op 00631

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-08995
2021-08996
2022-06063
2022-07356
 (Docket Nos. N-13733-21, N-13734-21)

[*1]In the Matter of Nicholas M. (Anonymous). Suffolk County Department of Social Services, respondent; Robert M. (Anonymous), appellant (and another proceeding).

Susan A. DeNatale, Bayport, NY, for appellant.
Dennis M. Brown, Acting County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) a temporary order of protection of the Family Court, Suffolk County (Caren Loguercio, J.), dated October 22, 2021, (2) an order of the same court, also dated October 22, 2021, (3) a decision of the same court dated June 27, 2022, and (4) an order of fact-finding and disposition of the same court dated August 8, 2022. The temporary order of protection, inter alia, directed that the father have no contact with the subject child except for supervised parental access. The order dated October 22, 2021, among other things, directed the temporary removal of the subject child pursuant to Family Court Act § 1022. The order of fact-finding and disposition, insofar as appealed from, upon the decision, found that the father neglected the subject child.
ORDERED that the appeals from the temporary order of protection and the order dated October 22, 2021, are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal from the decision is dismissed, without costs or
disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding against the father and a related proceeding against the mother alleging that they neglected the subject child, in that, among other things, they failed to provide the child with proper care, supervision, and guardianship. On October 22, 2021, prior to the filing of the petitions, the Family Court issued an order, inter alia, directing the temporary removal of the child pursuant to Family Court Act § 1022 and a temporary order of protection, among other things, directing that the father have no contact with the child except for supervised parental access. After a fact-finding hearing, in an order of fact-finding and disposition [*2]dated August 8, 2022, the court, inter alia, found that the father neglected the child. The father appeals from the temporary order of protection, the order dated October 22, 2021, and so much of the order of fact-finding and disposition as found that he neglected the child.
The appeal from the temporary order of protection must be dismissed as academic because that order expired by its own terms and imposes no enduring consequences on the father (see Matter of Nicholas M. [Lisa B.], 211 AD3d 950, 951).
The appeal from the order dated October 22, 2021, directing the temporary removal of the child pursuant to Family Court Act § 1022 must be dismissed as academic because that order was superseded by the order of fact-finding and disposition (see Matter of Stephen L. [Patrick S.L.], 161 AD3d 1155, 1156).
A party seeking to establish neglect must show, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with adequate care or proper supervision or guardianship (see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Anilya S. [Mohamed S.], 218 AD3d 473, 474-475). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1174 [internal quotation marks omitted]; see Matter of Raveena B. [Khrisend R.], 209 AD3d 640, 641). Here, a preponderance of the evidence supports the Family Court's finding that the father neglected the child, inter alia, by his failure to provide proper supervision and guardianship, by not maintaining a safe, clean environment for the child, and by not providing the child with appropriate hygiene and dental care (see Matter of Nicholas M. [Lisa B.], 211 AD3d at 952; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 701; Matter of Olivia R. [Kaila G.], 138 AD3d 1122, 1123).
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court